UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FOLEY LIVING TRUST DATED NOVEMBER 5, 2007,

   Plaintiff,

  v.               Case No. 24-C-1008

GREGORY BURGER and
MAUREEN BURGER,

   Defendants.

---

### DECISION AND ORDER PARTIALLY GRANTING DEFENDANTS' MOTION FOR SPECIFIC PERFORMANCE AND ATTORNEY FEES' AND COSTS

---

  Plaintiff the Foley Living Trust Dated November 5, 2007 filed this declaratory judgment action in Brown County against Defendants Gregory and Maureen Burger seeking a determination that Plaintiff was the sole owner of 10,000 shares of Class V membership interests in Pharmacy Star, LLC, a privately held Wisconsin limited liability company. Plaintiff had previously given notice to the other members of its intent to transfer the shares to two individuals as a gift. Under the terms of the Operating Agreement for the company, the notice operated as an offer to sell, which gave rise to a right of first refusal on the part of the other members. Plaintiff withdrew its notice after Defendants and other members elected to exercise their right of first refusal and purchase the shares for themselves at the price determined under the valuation provision of the Agreement. Defendants claimed that Plaintiff did not have a right to rescind its offer and demanded that Plaintiff follow through with the sale.

  Defendants removed the action to this court on August 9, 2024, based on diversity of citizenship, 28 U.S.C. § 1332, and filed a counterclaim seeking a declaration that Plaintiff did not

have a right to rescind the offer, specific performance for Plaintiff to sell the units to Defendants, and indemnification for Plaintiff's breach of the Operating Agreement, including attorneys' fees. On February 9, 2025, the court granted Defendants' motion for summary judgment, determined that Plaintiff did not have the right to rescind its offer, and ordered specific performance in Defendants' favor. Although the court entered a Rule 58 judgment in Defendants favor, it did not determine the amount Plaintiff owed in indemnification, since no amount had been explicitly sought. Plaintiff appealed but the appeal was dismissed for lack of jurisdiction since the court's judgment was not final, having failed to specify the amount of damages awarded for indemnification. Dkt. No. 49-1 at 2.

This case is now before the court on Defendants' motion for specific performance, attorneys' fees, and costs. Defendants request that the court's order for specific performance be effectuated by deeming the transfer of 10,000 Class V units from Plaintiff to Defendants effective as of June 17, 2024, at the price of $286.00 per unit. They also seek an award of $148,881.00 in attorneys' fees and $1,023.00 in costs. Other than attorneys' fees and costs, no other indemnification is requested. For the following reasons, Defendants' motion will be partially granted.

As more fully explained in the court's previous order granting Defendants' motion for summary judgment, Plaintiff and Defendants are both member owners of Pharmacy Stars, LLC, which is governed by an Amended and Restated Operating Agreement dated April 30, 2020. The Agreement divides shares of the company into Class V and Class S units. Both parties own Class V units. On April 1, 2024, Plaintiff provided notice to the company of its intention to gift a total of 10,000 Class V shares to two other individuals. Pursuant to the Operating Agreement's procedures for transferring units, Defendants and two other members sent Plaintiff an offer to

2

Case 1:24-cv-01008-WCG    Filed 07/29/25    Page 2 of 6    Document 54

purchase the shares on April 12, 2024. Plaintiff subsequently rescinded its intent to gift the shares. Although the two other members waived their option to purchase the shares, Defendants reaffirmed their intention to exercise their option to purchase the 10,000 units on May 6, 2024. After Plaintiff advised that it would not complete a transfer of the 10,000 units to Defendants, Defendants sent Plaintiff a notice of default, which provided Plaintiff with 30 days to cure the breach.

In response, Plaintiff filed a complaint in Brown County Circuit Court seeking a declaratory judgment that (1) it is the sole owner of the 10,000 units, (2) the April 12, 2024 offer to purchase was void for failure to comply with the Operating Agreement and for lack of consideration, (3) the May 6, 2024 offer was void because Plaintiff had rescinded its intent to gift the units, and (4) Defendants hold no ownership interest in the units. Defendants removed the action to this court and responded with counterclaims of their own. Count I alleged breach of contract and sought specific performance for Plaintiff to sell the units to Defendants; Count II requested a declaratory judgment that Plaintiff did not have the right to rescind the offer and, as a result, Defendants now own the units; and Count III requested indemnification under the terms of the Operating Agreement for any loss or damage caused by Plaintiff's breach of the Operating Agreement and default.

Defendants filed a motion for summary judgment on September 20, 2024. On February 19, 2025, the court granted the motion, finding that Plaintiff breached the Operating Agreement by refusing to sell the units to Defendants, Defendants are entitled to specific performance whereby Plaintiff must sell the units to Defendants for $286.00 per unit, and Plaintiff must indemnify Defendants for any loss or damage caused by Plaintiff's breach of the Operating Agreement and default. Dkt. No. 41. The court also dismissed Plaintiff's claim for declaratory judgment. *Id.*

3

On June 12, 2025, Defendants filed a motion for attorneys' fees and costs. Defendants assert that § 9.01(d) of the Operating Agreement, entitled "Indemnification," requires that Plaintiff pay Defendants' attorneys' fees and costs in defending against the action. This indemnification provision provides:

> **Indemnification.** Any defaulting Member hereby indemnifies each of the other Members and the Company and holds each of them harmless from and against all loss, damage or liability occasioned by such default including, without limitation, any liability to creditors of the Company. A failure by a defaulting Member to perform upon this indemnity with respect to the Company and/or any one or more of the other Members within thirty days of receipt of a demand therefor made by any one or more of the other Members upon the defaulting Member, shall be deemed to be a failure to pay money and, without further notice, demand or time to cure, each of the other Members shall have the rights set forth in Section 9.02.

Dkt. No. 1-1 at 35.

The parties' agreement is governed by Wisconsin law. Under Wisconsin law, the court's goal is to "ascertain the true intentions of the parties as expressed by the contractual language." *Town Bank v. City Real Estate Dev., LLC*, 2010 WI 134, ¶ 33, 330 Wis. 2d 340, 793 N.W.2d 476 (internal quotation marks and citation omitted). "Interpretation of an indemnification agreement, like any other written contract, begins with the language of the agreement." *Fabco Equip., Inc. v. Kreilkamp Trucking, Inc.*, 2013 WI App 141, ¶ 6, 352 Wis. 2d 106, 841 N.W.2d 542 (citation omitted). When the language of a contract is plain and unambiguous, courts apply its literal meaning; however, if "contractual language may reasonably be construed to have more than one meaning, the contract is ambiguous." *Wis. Label Corp. v. Northbrook Prop. & Cas. Ins. Co.*, 2000 WI 26, ¶ 23, 233 Wis. 2d 314, 607 N.W.2d 276 (citation omitted). Wisconsin courts "will not construe an obligation to pay attorneys' fees contrary to the American Rule unless the contract provision clearly and unambiguously so provides." *Hunzinger Const. Co. v. Granite Resources Corp.*, 196 Wis. 2d 327, 339, 538 N.W.2d 804 (Ct. App. 1995) (citations omitted).

Defendants argue that Section 9.01(d)'s indemnification provision requires that Plaintiff indemnify Defendants for all liability, including attorneys' fees and costs, caused by Plaintiff's default. They contend that Section 1.01 of the Operating Agreement is instructive as to the definition of "liability" in Section 9.01(d). Section 1.01 is a separate indemnification provision that provides:

> **Organization and Name.** On December 23, 2015, the Company was organized as a manager-managed limited liability company under the name Pharmacy Stars, LLC. The actions of the organizer of the Company (the "Organizer") in organizing the Company and executing and filing its Articles of Organization are hereby ratified, approved and confirmed. The Organizer shall have no duties or authority beyond such activities, and the Company and the Members jointly and severally agree to indemnify and hold the Organizer harmless from any a [sic] liabilities (including reasonable attorney's fees) that may be incurred by the Organizer as a result of acting in such capacity.

Dkt. No. 1-1 at 14. Defendants contend that, when read as a whole, the Operating Agreement clearly and unambiguously defines "liability" to be inclusive of attorneys' fees and costs. Plaintiff argues, somewhat inconsistently, that while there is no material difference between the word "liabilities" as used in Section 1 and the word "liability" used in Section 9, Section 9.01(d) does not clearly and unambiguously provide for an award of attorneys' fees.

The court agrees that, by its plain terms, the indemnification provision in Section 9.01(d) does not explicitly provide for the reimbursement of attorneys' fees and costs. The fact that reimbursement of attorneys' fees is not mentioned in Section 9.01(d), even though it is specifically provided for in Section 1.01, is evidence that the reimbursement of attorneys' fees was not intended under Section 9.01(d). The Operating Agreement did not define the term "liability" in a general definitions section to be applied throughout the entire agreement, and it contains two separate indemnification provisions that apply in separate situations. Had the drafters of the Operating Agreement intended for Section 9.01(d) to provide for the reimbursement of attorneys' fees, the

5

agreement would have stated so explicitly. *See Hunzinger*, 169 Wis. 2d at 339–40. Because Section 9.01(d) does not clearly and unambiguously provide for the award of attorneys' fees and costs, Defendants are not entitled to such an award under the Operating Agreement.

For these reasons, Defendants' motion for specific performance and attorneys' fees and costs (Dkt. No. 50) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Defendants' motion for specific performance is granted, and the court orders specific performance be effectuated by deeming the transfer of the 10,000 Class V units effective as of June 17, 2024. Defendants' request for an award of attorneys' fees and costs under the Operating Agreement's indemnification provision is denied. Defendants are free to seek an award of costs in accordance with Rule 54 of the Federal Rules of Civil Procedure. The Clerk is directed to enter judgment forthwith.

**SO ORDERED** at Green Bay, Wisconsin this 29th day of July, 2025.

_____
William C. Griesbach
United States District Judge

6

Case 1:24-cv-01008-WCG   Filed 07/29/25   Page 6 of 6   Document 54